# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In Re:

Virgil Leo Dykes, Sr., and Constance E. Dykes,     Case No. <u>21-30039</u>
a/k/a Connie Dykes,     Chapter 12 Case

       Debtors.

_____

## CHAPTER 12 PLAN OF REORGANIZATION
## DATED April 7, 2021

## PART 1: SUMMARY OF THE PLAN

This plan shall continue for a period of three years from its effective date. The property of the debtors is being valued, and the claim of each secured creditor is being treated as secured in the amount of the value of the property securing such claim. Costs of administration are being paid on the effective date of the plan unless otherwise agreed to or directed by the Court. Priority claims are being paid in full as allowed. The debtors will pay the Trustee no less than all disposable income, as that term is defined in 11 U.S.C. § 1225, for Trustee administration and distribution to unsecured creditors.

## PART 2: DEFINITIONS

1.      "Creditors" means all entities having a claim against the debtors.
2.      "Secured Creditor" means a creditor with a lien or security interest in property of the debtors.
3.      "Claim" means a filed claim which has not been disallowed by the Court or disallowed under the terms of this plan.
4.      "Effective Date" means the date on which the Order of Confirmation becomes final.
5.      "Trustee" means the Chapter 12 Trustee.
6.      "Disposable Income" means all income received by the debtors annually after deducting operating expenses, living expenses (salaries approved) and plan payments.

## PART 3: LIQUIDATION ANALYSIS

The debtors' net equity in their property, after deducting the amounts of the secured claims and exemptions, is $144,727. General and priority unsecured creditors (but not including attorney's fees) will receive no less than $144,727. over the life of the Plan. The debtors' liquidation analysis is attached to this plan as Exhibit A.

## PART 4: DISPOSABLE INCOME

The debtors' projections of gross income, operating expenses, living expenses and plan payments indicate that they may have disposable income annually in the amounts of $53,784.00, in 2021, $117,034.00 in 2022, and $117,034.00 in 2023. For the term of this plan, all of the debtors' disposable income, regardless of the amount, will be paid to the Trustee for payment of cost of administration and distribution to unsecured creditors. All disposable income (future earnings not necessary for the continuation, preservation and operation of the farm and for the maintenance or support of the debtors and their dependents) for three years following the effective date, shall be submitted to the Trustee for distribution. All creditors with Class 4 – General Unsecured Claims shall be paid a pro rata share of disposable income after administrative and priority claims have been paid.

## PART 5: LIVING EXPENSES

The debtors' projection of living expenses is $4,684.00 per month. The debtors shall limit their monthly withdrawals for living expenses to said amount, unless said amount is modified by Court Order. The Court shall retain authority and jurisdiction to modify said allowance upon application of a party in interest.

## PART 6: COSTS OF ADMINISTRATION AND PROFESSIONAL FEES

Claims for compensation and expenses of professionals and court costs shall be paid upon approval by the Court and as directed by the Court. To the extent that such compensation exceeds the amount presently held in trust, it will be paid from funds available from debtors' excess income under Schedule F. The Chapter 12 Trustee shall make application to the Court for approval of trustee's fee and for any reasonable and necessary expenses of the Trustee in effectuating the Trustee's duties under the Bankruptcy Code in administering this case. The debtors shall pay an amount equal to five percent (5%) of all payments disbursed by the Chapter 12 Trustee as an estimated payment and the Trustee shall hold the fee until the Trustee's fees and expenses are applied for and approved by the Court. Once the Trustee's fees are approved, the Trustee shall pay them. If there are excess funds in the account at the end of the case, the money shall be paid to the unsecured creditors and any excess after paying the unsecured creditors shall be paid to the debtors, unless otherwise ordered by the Court. **All payments shall be made through the Chapter 12 Trustee unless otherwise stated herein**. **Creditors shall only accept direct payments from the debtors if specified in the Plan.**

## PART 7: SECURED CLAIMS

### Class 1 Secured Claim: First Farmers & Merchants State Bank ("FFM").

Debtors estimate that FFM's cumulative claim is in the amount of $7,586,093.36, as of February 17, 2021 (including principal, interest, late fees and legal expenses, calculated at the non-default rates of interest specified in the loan documents), which claim amount is itemized and shall be paid in the following order:

1) Loan # 40000362: Principal of $4,855,000.00 + Accrued Interest of $812,533.79 + Late Charges

of $327,019.86 = $5,994,553.65, with per diem interest of $565.31 at the rate of 4.25% from and after 2/17/21 until paid.

2) Loan # 40000363: Principal of $149,316.34 + Accrued Interest of $20,741.28 + Late Charges of $9,866.66 = $179,924.28, with per diem interest of $16.16 at the rate of 3.95% from and after 2/17/21 until paid.

3) Loan # 40000486: Principal of $425,501.00 + Accrued Interest of $106,949.57 + Late Charges of $2,089.35 = $534,539.92, with per diem interest of $55.37 at the rate of 4.75% from and after 2/17/21 until paid.

4) Loan # 40000525: Principal of $150,000.00 + Accrued Interest of $33,910.00 + Late Charges of $15,377.94 = $199,287.94, with per diem interest of $20.55 at the rate of 5% from and after 2/17/21 until paid.

5) Loan # 40000556: Principal of $137,470.52 + Accrued Interest of $25,430.13 + Late Charges of $7,702.53 = $170,603.18, with per diem interest of $17.89 at the rate of 4.75% from and after 2/17/21 until paid.

6) Loan # 40000595: Principal of $256,620.84 + Accrued Interest of $63,877.15 + Late Charges of $15.60 = $320,513.59, with per diem interest of $38.67 at the rate of 5.5% from and after 2/17/21 until paid.

7) Loan # 40000724: Principal of $0.00 + Accrued Interest of $3,701.47 + Late Charges of $1,550.00 = $5,251.47.

8) Legal Expenses = $181,419.33.

FFM's Claim shall be paid as follows:

1) Approximately 165,000 bushels of Corn produced from the 2017 crop year, shall be sold on various dates with delivery beginning on or about May 15, 2021, and the net proceeds therefrom shall be paid directly to FFM.

2) Approximately 25,000 bushels of Soybeans produced from the 2020 crop year shall be sold on or about June 15, 2021, and the net proceeds therefrom shall be paid directly to FFM.

3) Approximately 25,000 bushels of Soybeans produced from the 2020 crop year (inclusive of grain stored at Ag Partners Coop) shall be sold on or about July 15, 2021, and the net proceeds therefrom shall be paid directly to FFM.

4) The real property (farm land) located in Goodhue County, Minnesota, and described on Exhibit B attached hereto (Consisting of approximately 535 acres), shall be offered for sale on or before June 18, 2021, and the net proceeds thereof shall be paid directly to FFM in consideration for the delivery by FFM of all necessary and duly executed documentation required to fully and finally release all of FFM's interest in the subject properties.

5) Commencing approximately April 16, 2021, Debtors shall lease to their son, Virgil Dykes, Jr., the real property (farm land) located in Goodhue County, Minnesota, and described on Exhibit B attached hereto (Consisting of approximately 535 acres, 430 of which are tillable), and the real property (farm land) located in Wabasha County, Minnesota, and described on Exhibit C attached hereto (Consisting of 255.7 acres, 230 of which are tillable), at the rate of $300.00 per tillable acre. This will result in lease revenue of $129,000.00 on the Goodhue County property, and $69,000.00 on the Wabasha County property. In addition, Debtors shall lease the farm equipment described on Exhibit G attached hereto at a rate of $22 per tillable acre. This will result in additional lease revenue of $5,060.00 attributable to the farm equipment for the Wabasha County property and $9,460.00 for the Goodhue County property. One half of the lease revenue will be paid upon signing of the leases, and the remaining half will paid on or before July 15, 2021. All lease revenue will be paid to FFM to the extent of their remaining claim, provided, however, that the lease revenue attributable to any property sold at auction or otherwise, shall be subject to the rights of the purchaser in the lease revenue.

6) To the extent that FFM's claim remains unsatisfied, in whole or in part, as of September 30, 2021, the real property (farm land) located in Wabasha County, Minnesota, and described on Exhibit D attached hereto (Consisting of 198.92 non-tillable acres), shall be sold to Debtors' son Roger Dykes, for the appraised value, and the net proceeds thereof shall be paid directly to FFM, in consideration for the delivery by FFM of all necessary and duly executed documentation required to fully and finally release all of FFM's interest in the subject property.

7) To the extent that FFM's claim remains unsatisfied, in whole or in part, as of September 30, 2021, Debtors shall offer for sale or refinance their remaining land, in whole or in part, in an amount sufficient to satisfy FFM's remaining claim in full.

### Class 2 Secured Claims:

   **A. John Deere Financial ("John Deere").** John Deere's claim is secured by a 2012 John Deere 8360R Row Crop Tractor (ID #JD 8360RCTR). Pursuant to the Court's Order entered February 25, 2021 (Doc. No. 25), the collateral was, or will be, sold by John Deere Financial, and the proceeds applied to the payment of the claim. Debtors believe that the claim is fully secured, and therefore that no deficiency claim will remain after the sale of the collateral. To the extent that a valid deficiency claim remains after the sale of the collateral, such claim will be treated as an unsecured claim, unless otherwise ordered by the Court, and paid pursuant to Part 9 hereinbelow.

   **B. Farm Credit Services of America, PCA ("FSCA").** FCSA's claim is secured by a Adams FL-24-SP Conveyor (Serial No. FL-241). Pursuant to the Court's Order entered March 11, 2021 (Doc. No. 27), the collateral was, or will be, sold by FSCA, and the proceeds applied to the payment of the claim. Debtors believe that the claim is fully secured, and therefore that no deficiency claim will remain after the sale of the collateral. To the extent that a valid deficiency claim remains after the sale of the collateral, such claim will be treated as an unsecured claim, unless otherwise ordered by the Court, and paid pursuant to Part 9 hereinbelow.

## PART 8: PRIORITY AND ADMINISTRATIVE CLAIMS

**Priority Unsecured Claims:** There are no Priority Unsecured Claims that require payment under the Plan.

**Administrative Claims:** Administrative claims consist of professional fees in an amount to be determined, and shall be paid under and pursuant to Part 6 above.

## PART 9: GENERAL UNSECURED CLAIMS

**Class 1.** Class 1 consists of allowed general unsecured claims, allowed general unsecured claims of creditors which are as a result of damages arising as a result of the rejection of unexpired leases and/or executory agreements, allowed general unsecured claims resulting from the value of a secured claim being of a value less than the security held against held claim, and/or those secured creditors whose claims are determined to be unsecured, allowed general unsecured claims of all accommodation parties and co-makers or loans of which the debtors are the principal, allowed governmental claims arising under 11 U.S.C. § 1232, and allowed general unsecured claims for taxes and penalties which are not included in any other Class. Payments made to this Class shall be disbursed by the Trustee pro-rata. Nothing in this Part shall restrict the debtor, Trustee, or other party from objecting under Fed. R. Bankr. P. 3007 to the allowance of a claim.

As set forth under Part 12 below, Debtors shall continue to own and farm the real property (farm land) located in Wabasha County, Minnesota, and described on Exhibit E attached hereto, and the net income from the farm operations shall be remitted annually for distribution and payment of the claims of unsecured creditors, for a period of three (3) years after the effective date of the Plan, or for such lesser time period as may apply in the event that all unsecured claim are satisfied in full.

Three annual payments of $48,242 plus five percent trustee's fees ($2,412.10) shall be made towards this class. Each payment shall be made by the anniversary date of the effective date of the plan.

## PART 10: 11 U.S.C. § 1232 GOVERNMENTAL CLAIMS

Governmental claims arising under 11 U.S.C. § 1232 (1) shall be treated as general unsecured claims arising before the date on which the petition is filed; (2) shall not be entitled to priority under section 507; (3) shall be included and receive pro rata treatment under Part 9 (General Unsecured Claims) of the plan, provided that the claim is not otherwise disallowed, and (4) shall be discharged in accordance with 11 U.S.C. §§ 1228 & 1232. If the debtor files a tax return after the filing of the petition for a period in which a claim described in subsection (a) arises, and the claim relates to the tax return, the debtor shall serve notice of the claim pursuant to 11 U.S.C. § 1232(d)(2). Nothing in this Part shall restrict the debtor, Trustee, or other party from objecting under Fed. R. Bankr. P. 3007 to the allowance of a claim.

## PART 11: EXECUTORY CONTRACTS AND LEASES

Part 11 consists of executory contracts and leases existing as of the date of filing. All such executory contracts and leases are rejected unless specifically assumed in this Part. The debtors assume the following executory contracts and leases:

1) Basis Contract with ADM Grain Company, dated 11/14/2020, pertaining to 85,000 bushels of yellow corn.

2) Basis Contract with ADM Grain Company, dated 11/14/2020, pertaining to 25,000 bushels of yellow soybeans.

3) Basis Contract with ADM Grain Company, dated 11/14/2020, pertaining to 25,000 bushels of yellow soybeans.

## PART 12: EXECUTION OF PLAN AND CASH FLOW ANALYSIS

The debtors propose to continue their farming operations and make the plan payments out of farm or other income. The debtors' projections of income, operating expenses, and plan payments are attached as Exhibit F.

## PART 13: RETENTION OF LIENS AND INCORPORATION OF DOCUMENTS

All creditors whose claims are treated as secured in this plan shall retain their liens on the collateral securing their respective claims as specified in the plan and until such claims are paid in full in the amount allowed as secured. Except as modified by the terms of this plan, all documents evidencing indebtedness and security in favor of said secured creditors remain the same and are incorporated herein by reference. This plan and Order confirming the plan shall constitute a modification of the terms and conditions of said instruments as set forth herein. Either the debtors or any creditor may record this plan and the Order confirming this plan with the Office of the County Recorder of each county in which the debtors have an interest in real estate without violation of the automatic stay.

## PART 14: GENERAL PROVISIONS

1.      The Court shall retain jurisdiction over the debtors and his property for the term of the plan. Property of the estate vests upon dismissal, conversion, or completion of plan payments due during the term of the plan.

2.      As part of the continuing farm operation, the debtors shall submit operating reports and bank statements on a monthly basis to the Chapter 12 Trustee. The debtors shall provide the Chapter 12 Trustee copies of tax returns annually once filed.

3.      Following confirmation of the Chapter 12 Plan, for the duration of the Chapter 12 plan, the debtors shall not be required to seek court approval to obtain credit or incur debt outside the ordinary course of business if obtaining such credit or incurring such debt is under and pursuant

to the terms of the Chapter 12 Plan.

4.      For the duration of the Chapter 12 plan, the debtors shall seek court approval to use, sell, or lease property outside the ordinary course of business.

DEBTORS:

Dated: April 7, 2021                    /e/ Virgil Leo Dykes, Sr._____
                                        Virgil Leo Dykes, Sr.


Dated: April 7, 2021                    /e/ Constance E. Dykes_____
                                        Constance E. Dykes




Dated: April 7, 2021                    /e/Matthew L. Fling_____
                                        Matthew L. Fling (Atty. ID No. 0150678)
                                        Attorney for Debtors
                                        4839 Colfax Avenue South
                                        Minneapolis, MN  55419
                                        Phone: 952-513-7962
                                        Fax: 612-223-8084
                                        Email: fling@pro-ns.net

# EXHIBIT A

**LIQUIDATION ANALYSIS**  RE:  **Virgil & Connie Dykes Court File No. 21-30039**

**Assets:**

| | | Value | Exemption | Gross Liquidation | Net Liquidation Value |
|---|---|---|---|---|---|
| A. | **Real Estate -- Exempt Homestead** 160 Acres See Schedule A/B, Part 1, No. 1.1 | $ 1,191,118.00 | $ 1,125,000.00 | $ 66,118.00 | $ 66,118.00 |
| B. | **Farm Land Wabasha Co. - Non-Homestead** 494.62 Acres See Schedule A/B, Part 1, No. 1.2 | $ 2,517,068.00 | | $ 2,517,068.00 | $ 2,517,068.00 |
| C. | **Farm Land Goodhue Co. - Non-Homestead** 535 Acres See Schedule A/B, Part 1, No. 1.3 | $ 3,130,900.00 | | $ 3,130,900.00 | $ 3,130,900.00 |
| D. | **Crops - Corn** 165,000 est. bushels | $ 884,400.00 | | $ 884,400.00 | $ 884,400.00 |
| E. | **Crops - Soybeans** 53,000 est bu. | $ 730,000.00 | | $ 730,000.00 | $ 730,000.00 |
| F. | **Machinery** | $ 377,924.00 | $ 26,000.00 | $ 351,924.00 | $ 351,924.00 |
| G. | **Licensed Vehicles** | | | | |
| | 2011 F-350 | $ 8,500.00 | $ 5,000.00 | $ 3,500.00 | $ 3,500.00 |
| | 1992 Mack CH613 semi | $ 5,000.00 | | $ 5,000.00 | $ 5,000.00 |
| | 2-Jet hB trailers | $ 26,000.00 | | $ 26,000.00 | $ 26,000.00 |
| | 1960 Monn trailer | $ 600.00 | | $ 600.00 | $ 600.00 |
| | 2007 PJ Trailer | $ 600.00 | | $ 600.00 | $ 600.00 |
| | 1997 F 350 | $ 5,000.00 | | $ 5,000.00 | $ 5,000.00 |
| H. | Diesel Fuel | $ 9,400.00 | | $ | $ 9,400.00 |
| I. | DIP Account as of Date of Filing + Cash | $ 7,010.00 | $ 7,000.00 | $ | $ 10.00 |
| J. | Personal and Household Items | $ 9,300.00 | $ 9,000.00 | $ | $ 300.00 |
| | **Total Liquidated Asset Value** | | | | $ 7,730,820.00 |
| | Secured Creditor Claims (FFM) | | | | $ (7,586,093.00) |
| | **Total Net liquidated Asset Value** | | | | $ 144,727.00 |

Notes:
1. Machinery value is $170,000 less than amount listed on Schedule A/B because of re-possession of JD Tractor by John Deere Financial pursuant Court Order

# EXHIBIT B

## GOODHUE COUNTY, MINNESOTA

---

**Farmland = 74.91 acres**

74.91 acres = Property ID 40-011-0100

LEGAL DESCRIPTION:

That part of the Northeast Quarter of Section 11, Township 109 North, Range 16 West, Goodhue County, Minnesota described as follows: Beginning at the northeast corner of the Northeast Quarter of said Section 11; thence S 89°59′45″ W, Goodhue County Coordinate System NAD83 (1996 Adjustment), along the north line of said Northeast Quarter, 1164.88 feet to the east right of way line of County Road No. 43, as shown on Goodhue County Right of Way Plat No. 58 (said east line being described in the next six courses); thence S 00°13′43″ W, 502.71 feet; thence S 89°46′17″ E, 10.00 feet; thence S 00°13′43″ W, 600.00 feet; thence N 89°46′17″ W, 10.00 feet; thence S 00°13′43″ W, 1320.74 feet; thence southwesterly 224.63 feet along a curve, concave to the west, central angel of 04°24′56″, radius of 2914.79 feet, and chord of said curve bears S 02°26′10″ W, 224.57 feet to the south line of said Northeast Quarter, thence N 89°21′21″ E, along said south line, 1319.38 feet to the southeast corner of said Northeast Quarter, thence N 02°56′22″ W, along the east line of said Northeast Quarter, 2636.52 feet to the point of beginning.

---

**Farmland = 196 total acres**

57.70 acres = Property ID #38.019.0500;
40.00 acres = Property ID #38.020.0500;
35.00 acres = Property ID #38.019.0300;
63.30 acres = Property ID #38.020.1100;

LEGAL DESCRIPTION:

The West Half (W½) of the Southwest Quarter (SW¼) of Section 20, Township 110 North, Range 16 West; The Southwest Quarter (SW¼) of the Northwest Quarter (NW¼) of Section 20, Township 110 North, Range 16 West; The East Half (E½) of the Southeast Quarter (SE¼) of Section 19, Township 110 North, Range 16 West; The Southeast Quarter (SE¼) of the Northeast Quarter (NE¼) of Section 19, Township 110 North, Range 16 West, EXCEPT: Commencing at the southwest corner of the Southeast Quarter (SE¼) of the Northeast Quarter (NE¼) of Section 19; running thence North 60 rods; thence southeasterly 20 rods to a point 12½ rods East from the west line of said "forty"; thence southeasterly 25 rods to a point which is 22½ rods East from the west line of said "forty"; thence southwesterly to a point on the south line of said "forty" 14 rods

East from the southwest corner of said "forty"; thence West along said south line 14 rods to the place of beginning.

ALSO EXCEPTING therefrom the land described as follows: That part of the East Half of the Southeast Quarter of Section 19, Township 110 North, Range 16 West and that part of the West Half of the Southwest Quarter of Section 20, Township 110 North, Range 16 West, all in Goodhue County, Minnesota, described as follows:

Commencing at the southeast corner of said Section 19; thence on an assumed bearing of South 89º27′22″ West; along the south line of the Southeast Quarter of said Section 19, a distance of 1157.50 feet; thence North 00º32′38″ West, a distance of 2227.57 feet to an iron pipe at the point of beginning of the land to be described; thence South 73º03′19″ East, a distance of 1926.34 feet to an iron pipe; thence South 78º51′15″ East, a distance of 128.93 feet to an iron; thence South 02º14′50″ East, a distance of 505.11 feet to an iron pipe; thence South 22º49′10″ East, a distance of 529.70 feet to an iron pipe; thence South 40º19′07″ East, a distance of 151.72 feet to an iron pipe; thence S 69º07′28″ East, a distance of 218 feet, more or less, to the east line of the West Half of the Southwest Quarter of said Section 20, thence southerly along said east line, a distance of 444 feet, more or less, to the southeast corner of the West Half of the Southwest Quarter of said Section 20; thence on a bearing of West, along the south line of the Southwest Quarter of said Section 20, a distance of 1040.46 feet; thence North 18º47′33″ East, a distance of 219.51 feet to an iron pipe; thence South 84º26′59″ East, a distance of 544.18 feet to an iron pipe; thence North 08º45′21″ West, a distance of 639.56 feet to an iron pipe; thence North 30º17′18″ West; a distance of 272.15 feet to an iron pipe; thence North 67 º46 ′ 07 ″ West, a distance of 273.59 feet to an iron pipe at a point to be hereinafter referred to as Point A; thence North 24º25′18″ East, a distance of 128.73 feet to an iron pipe; thence North 18 º 04 ′ 37 ″ West, a distance of 318.68 feet to an iron pipe; thence North 67º52′24″ West, a distance of 283.86 feet to an iron pipe; thence South 17º48′44″ West, a distance of 359.72 feet to an iron pipe; thence North 74º25′34″ West, a distance of 316.02 feet to an iron pipe; thence South 00º46′28″ East, a distance of 1398.23 feet to the south line of the Southeast Quarter of said Section 19; thence South 89º27′22″ West, along said south line, a distance of 45.06 feet; thence North 00º33′44″ West, a distance of 1333.36 feet to an iron pipe; thence North 85º00′32″ West, a distance of 176.85 feet to an iron pipe; thence North 70º03′38″ West, a distance of 198.21 feet to an iron pipe; thence North 53º59′29″ West, a distance of 138.53 feet to an iron pipe; thence North 77º05′38″ West, a distance of 500 feet, more or less, to the west line of the East Half of the Southeast Quarter of said Section 19; thence northerly, along said west line, a distance of 1010 feet, more or less, to the northwest corner of the East Half of the Southeast Quarter of said Section 19; thence easterly along the north line of the East half of the Southeast Quarter of said Section 19, a distance of 120 feet, more or less, to the intersection with a line bearing North 03º08′09″ West from the point of beginning; thence South 00º08′09″ East, a distance of 400 feet, more or less, to the point of beginning.

====================================================================

**Farmland = 154.59 total acres**

80.00 acres = Property ID #40.021.0300
74.59 acres = Property ID #40.021.0700

LEGAL DESCRIPTION:

The Northeast Quarter (NE¼) of Section 21, Township 109 North, Range 16 West, Goodhue County, Minnesota; EXCEPT the east 528.00 feet thereof, as measured along the north line of said Northeast Quarter (NE¼); and ALSO EXCEPT the south 990.00 feet thereof, as measured along the West line of said Northeast Quarter (NE¼).

Also, the East Half (E½) of the Northwest Quarter (NW¼) of Section 21, Township 109 North, Range 16 West, EXCEPT THE FOLLOWING: Part of the Northwest Quarter (NW¼) of Section 21, Township 109 North, Range 16 West, described as follows: Commencing at the northeast corner of said Northwest Quarter (NW¼) of Section 21, thence west along the section line for a distance of 309.8 feet to the place of beginning; thence South 486.0 feet; thence West 485.0 feet; thence North 486.0 feet, to the section line; thence east along said section line a distance of 485.00 feet to the place of beginning.

**Farmland = 96.74 total acres**

39.25 acres = Property ID #40.011.0300
57.49 acres = Property ID #40.011.0203

LEGAL DESCRIPTION:

The Northeast Quarter of the Northwest Quarter of Section 11, and that part of the North One-Half and Southwest Quarter of the Northeast Quarter of Section 11, Township 109 North, Range 16 West, Goodhue County, Minnesota, described as follows: Beginning at the northwest corner of the Northeast Quarter of said Section 11; thence N 89°59′45″ East, Goodhue County Coordinate System NAD83 (1996 Adjustment), along the north line of said Northeast Quarter, 1271.84 feet to the west right of way line of County Road No. 43, as shown on Goodhue County Right of Way Plat No. 58; thence S 00°13′43″ West, along said right of way line, 210.00 feet; thence South 89°59′45″ West, 550.00 feet; thence S 00°13′43″ West, 680.00 feet; thence North 89°59′45″ East, 550.00 feet to said west right of way line of County Road No. 43; thence S 00°13′43″ W, along said right of way line, 1190.04 feet; thence North 89°46′17″ West, 767.81 feet; thence South 00 °38 ′38 ″ East, 580.43 feet to the south line of said Northeast Quarter; thence South 89°21′21″ W, along said south line, 467.18 feet to the southwest corner of said Northeast Quarter; thence N 00°45′20″ W, along the west line of said Northeast Quarter, 2662.74 feet to the point of beginning.

**Farmland**

Possible building site.

47059 County 43 Blvd.
Zumbrota MN 55992-5130

8.59 acres = Property ID #40.011.0200

LEGAL DESCRIPTION:

That part of the North One-Half of the Northeast Quarter of Section 11, Township 109 North, Range 16 West, Goodhue County, Minnesota described as follows: Commencing at the northwest corner of the Northeast Quarter of said Section 11; thence N 89º59′45″ E, Goodhue County Coordinate System NAD83 (1996 Adjustment); along the north line of said Northeast Quarter, 1271.84 feet to the west right of way line of County Road No. 43, as shown on Goodhue County Right of Way Plat No. 58; thence S 00º13′43″ W, along said right of way line, 210.00 feet for a point of beginning; thence S 89º59′45″ W, 550.00 feet; thence S 00º13′43″ W, 680.00 feet; thence N 89º59′45″ E, 550.00 feet to said west right of way line of County Road No. 43; thence N 00º13′43″ E, along said right of way line, 680.00 feet to the point of beginning.

# EXHIBIT C

## WABASHA COUNTY, MINNESOTA

**Farmland = 255.70 total acres**

223.70 acres = Property ID #08.00215.00;
32 acres = Property ID #16.00002.00;

LEGAL DESCRIPTION:

The South Half (S ½ ) of the Northeast Quarter (NE ¼) of Section 36, Township 111 North, Range 12 West, EXCEPT that part of the S ½ of the NE ¼ of Section 36, Township 111 N, Range 12 West, Wabasha County, Minnesota, which lies Nly of the following described line: Commencing at the Northeast corner of said Section 36; thence on an assumed bearing of S, along the E line of the NE ¼ of said Section 36, a distance of 1865.59 ft. to the point of beginning of the line to be described; thence N 60 ° 10 ' 24 " W, a distance of 719.67 ft.; thence 76°45'39" W, 246.36 ft.; thence S 19°28'38" W, 382.48 ft.; thence N 77°29'38" W, 54.59 ft.; thence N 23°10'01" W 340.74 ft.; thence S 86°29'16" W, 371.04 ft.; thence S 38°22'48"W, 486.39 ft.; thence S 12°55'06" W, 260.33 ft.; thence N 84°13'33" W, 232.59 ft., thence N 00°25'19" E, 183.33 ft.; thence S 89°59'25" W, 468 ft., more or less, to the W line of said NE ¼ of Section 36 and there terminating.

The East Half (E½) of the Northwest Quarter (NW¼) of Section 1, Township 110 North, Range 12 West, Wabasha County, Minnesota, excepting therefrom the following:

> That part of the East Half of the Northwest Quarter of Section 1, Township 110 North, Range 12 West, Wabasha County, Minnesota, described as follows: Commencing at the northeast corner of the Northwest Quarter of said Section 1; thence on an assumed bearing of North 89°46'14" West, along the north line of the Northwest Quarter of said Section 1, a distance of 1222.08 feet; thence South 00°13'36" West, a distance of 1924.01 feet to the point of beginning of the land to be described; thence North 84°23'56" East, a distance of 217.59 feet; thence South 78°56'07" East, a distance of 331.32 feet; thence North 31°35'26" West, a distance of 213.50 feet; thence North 24°24'35" West, a distance of 132. 35 feet; thence North 07°06'40" East, a distance of 217.80 feet; thence North 47°52'53" East, a distance of 132.46 feet; thence North 03°15'29" East, a distance of 154.08 feet; thence 40°55'50" East, a distance of 148.02 feet; thence North 75°48'37" East, a distance of 107.91 feet; thence South 83°10'09" East, a distance of 98.23 feet; thence South 64°09'05" East, a distance of 102.09 feet; thence South 35°07'35" East, a distance of 114.21 feet; thence South 22°49'03" East, a distance of 72.28 feet; thence South 15°17'13" East, a distance of 47.09 feet; thence South 06°25'44" West, a distance of 94.02 feet; thence South 29°15'57" West, a distance of 177.93 feet; thence South 42°34'36" East, a distance of 143.91 feet; thence South 66°18'39" East, a distance of 260 feet, more or less, to the east line of the Northwest Quarter of said Section 1; thence northerly, along said east line, to the northeast

corner of the Northwest Quarter of Said Section 1; thence North 89°46'14" West, along the north line of the Northwest Quarter of said Section 1, a distance of 1311.92 feet to the northwest corner of the East Half of the Northwest quarter of said Section 1; thence southerly, along the west line of the East Half of the Northwest Quarter of said Section 1, to the intersection with a line bearing South 84°23'56" West from the point of beginning; thence North 84°23'56" East to the point of beginning.

AND

The Southwest Quarter (SW¼) of Section 36, Township 111 North, Range 12 West.

AND

The South Half (S½) of the South Half (S½) of the Northwest Quarter (NW¼) of Section 36, Township 111 North, Range 12 West.

AND

The South Half (S½) of the North Half (N½) of the Southeast Quarter (SE¼) of Section 36, Township 111 North, Range 12 West.

AND

The South Half (S½) of the Southeast Quarter (SE¼) of Section 36, Township 111 North, Range 12 West.

AND

The North Half (N½) of the North Half (N½) of the Southeast Quarter (SE¼) of Section 36, Township 111 North, Range 12 West.

EXCEPTING therefrom the following:

a. A tract of land  being in the Southwest One-Quarter of Section 36, Township 111, Range 12, Wabasha County, Minnesota, described as follows:  Commencing at the southwest corner of the Southwest One-Quarter of Section 36, Township 111, Range 12; thence on an assumed bearing of North 0°10'10" West along the west line of said Southwest One-Quarter of Section 36, a distance of 705.00 feet to the point of beginning of the tract to be described; thence North 89°49'50" East, 210.00 feet; thence North 20°29'50" East, 726.77 feet; thence South 89°49'50" West, 466.50 feet to the west line of said Southwest One-Quarter of Section 36; thence South 0°10'10" East along said west line 680.00 feet to the point of beginning.

b. That part of the Southeast Quarter and that part of the Southwest Quarter of Section 36, Township 111 North, Range 12 West, Wabasha County, Minnesota, described as follows: Commencing at the northeast corner of the Southeast Quarter of said Section 36; thence on an assumed bearing of South, along the east line of the Southeast Quarter of said Section

36, a distance of 319.80 feet to the point of beginning of the land to be described; thence South 74°49'51" West, a distance of 336.49 feet; thence South 62°43'54" West, a distance of 68.95 feet; thence South 67°08'34" West, a distance of 134.03 feet; thence North 71°01'58" West, a distance of 506.55 feet; thence South 87°12'44" West, a distance of 329.00 feet; thence South 47°51'41" West, a distance of 135.60 feet; thence South 89°02'32" West, a distance of 1192.74 feet; thence South 00°00'18" West, a distance of 707.93 feet; thence North 83°41'46" West, a distance of 1773.58 feet; thence South 38°33'13" East, a distance of 252.98 feet; thence South 48°59'40" East, a distance of 623.41 feet; thence South 48°49'36" East, a distance of 451.05 feet; thence South 05°10'24" East, a distance of 166.90 feet; thence South 36°01'31" West, a distance of 404.36 feet; thence South 64°47'43" West, a distance of 139.99 feet to the south line of the Southwest Quarter of said Section 36; thence South 89°46'14" East, along the south line of the Southwest Quarter of said Section 36, a distance of 1162.69 feet to the southeast corner of the Southwest Quarter of said Section 36; thence South 89°46'14" East, a distance of 2613.15 feet to the southeast corner of said Section 36; thence on a bearing of North, along the east line of the Southeast Quarter of said Section 36, a distance of 2282.28 feet to the point of beginning.

c.  That part of the Southwest Quarter of the Southwest Quarter of Section 36, Township 111 North, Range 12 West, Wabasha County, Minnesota, described as follows:  Beginning at the southwest corner of said Section 36; thence on an assumed bearing of North 00°10'10" West, along the west line of the Southwest Quarter of said Section 36, a distance of 705.00 feet; thence North 89°49'50" East, a distance of 210.00 feet; thence North 20°29'50 seconds East, a distance of 93.31 feet; thence South 74°31'31" East, a distance of 327.97 feet; thence South 16°41'15" East, a distance of 157.42 feet; thence South 02°45'08" West, a distance of 555.67 feet to a point on the south line of the Southwest Quarter of said Section 36, distant 575.19 feet east of the Southwest corner of said Section 36; thence North 89°58'09" West, along said south line, a distance of 575.19 feet to the point of beginning.

d.  That part of the Southwest Quarter of Section 36, Township 111 North, Range 12 West, Wabasha County, Minnesota, described as follows:  Commencing at the southwest corner of said Section 36; thence on an assumed bearing of North 00°10'10" West, along the west line of the Southwest Quarter of said Section 36, a distance of 705.00 feet; thence North 89°49'50" East, a distance of 210.00 feet; thence North 20°29'50" East, a distance of 190.34 feet to the point of beginning of the land to be described; thence South 20°29'50" West, a distance of 97.03 feet; thence South 74°31'31" East, a distance of 327.97 feet; thence South 16°41'15" East, a distance of 157.42 feet; thence South 02°45'08" West, a distance of 555.67 feet to a point on the south line of the Southwest Quarter of said Section 36, distant 575.19 feet east of the southwest corner of said Section 36; thence South 89°58'09" East, along said south line, a distance of 885.94 feet to southwest corner of that part of the Kurt J. King property as described in Wabasha County Document No. 218997 which lies in said Section 36; thence North 64°35'48" East, along the westerly boundary line of said Kurt J. King property, a distance of 139.99 feet to an angle point in said westerly line; thence North 56°11'58" West, a distance of 864.19 feet; thence North 53°59'52" West, a distance of 366.93 feet; thence North 66°43'43" West, a distance of 324.46 feet to the point of beginning

# EXHIBIT D

## WABASHA COUNTY, MINNESOTA

**Farmland = 128.92 acres**

128.92 acres = Property ID #16.00125.00

LEGAL DESCRIPTION:

The S½ of the NE¼; the N½ of the SE¼ and the SE¼ of the SE¼; and that part of the NW¼ of the NE¼ South of public highway known as Minnesota Highway No. 60; all in Sec. 21-110-12. EXCEPTING therefrom the following:

a. The cemetery consisting of approximately 2+1/2 acres; deeded to the Methodist Episcopal German Society by deed recorded in Book 10 of Deeds, Page 331.

b. Commencing at the Northeast corner of the Southeast Quarter of Sec. 21-110-12, running thence South 0º0′ West (assumed bearing) for a distance of 155.0 feet, thence S 90º0′ W for a distance of 250.00 feet to the true point of beginning; thence N 87º54′ W for a distance of 391.0 feet, thence S 0º43′ W for a distance of 167.0 feet, thence S 72º45′ W for a distance of 615.0 feet, thence N 88º41′ W for a distance of 213.0 feet, thence S 61º30′ W for a distance of 148.0 feet, thence N 87º09′ W for a distance of 170.0 feet, thence N 69º25′ W for a distance of 271.0 feet, thence S 2º10′ E for a distance of 859.0 feet to a point on the S line of the N½ of the SE¼, thence E along the said S line for a distance of 1714.19 feet, thence N 0º0′ E along a line 250.0 feet W of and parallel to the E line of said section for a distance of 1165.0 feet to the point of beginning.

c. The West 16 rods of the North 30 rods of the SE¼ of the SE¼ of Sec. 21-110-12.

d. That part of the Northwest Quarter of the Northeast Quarter and that part of the Southwest Quarter of the Northeast Quarter, all in Section 21, Township 110 North, Range 12 West, Wabasha County, Minnesota described as follows: Commencing at the north quarter corner of said Section 21; thence South 01°31'02" East, assumed bearing, along the west line of said Northwest Quarter of the Northeast Quarter, a distance of 682.10 feet to the centerline of Trunk Highway Number 60, as designated and platted in MINNESOT DEPARTMENT OF TRANSPORTION RIGHT OF WAY PLAT NO. 79-15, as filed and of record in the Wabasha County Recorder's Office; thence continue South 01°31'02" East, along said west line, a distance of 447.82 feet to the point of beginning of the land to be described; thence South 87°37'56" East, a distance of 95.64 feet; thence North 52°58'05" East, a distance of 185.36 feet; thence North 01°08'01" East, a distance of 82.96 feet; thence North 25°17'32" East, a distance of 99.00 feet; thence North 16°58'15" East, a distance of 102.72 feet to said centerline of Minnesota State Trunk Highway Number 60, as designated and platted in MINNESOTA DEPARTMENT OF TRANSPORTATION RIGHT OF WAY

PLAT NO. 79-15, as filed and of record in the Wabasha County Recorder's Office; thence easterly, a distance of 254.58 feet, along said centerline, being a curve not tangent with the last described line, concave to the north, having a central angle of 14°28'30", a radius of 1007.67 feet and a chord which bears North 85°33'52" East; thence North 78°19'37" East, along said centerline of State Highway Number 60, a distance of 572.85 feet; thence northeasterly, along said centerline, being a tangential curve concave to the south having a central angle of 01°43'49" and a radius of 5729.58 feet, an arc distance of 173.01 feet to the east line of the Northwest Quarter of the Northeast Quarter of said Section 21; thence South 01°28'31" East, along said east line, a distance of 722.13 feet to the southeast corner of the Northwest Quarter of the Northeast Quarter of said Section 21; thence South 01°28'31" East, along the east line of the Southwest Quarter of the Northeast Quarter of said Section 21, a distance of 1158.04 feet; thence North 57°32'04" West, a distance of 13.97 feet; thence South 57°08'03" West, a distance of 144.26 feet; thence North 88°07'28" West, a distance of 330.10 feet; thence North 79°23'31" West, a distance of 869.27 feet to the west line of the Southwest Quarter of the Northeast Quarter of said Section 21; thence North 01°31'02" West, along said west line, and along the west line of the Northwest Quarter of the Northeast Quarter of said Section 21, a distance of 1233.57 feet to the point of beginning.

**Farmland = 70 acres**

70 acres = Property ID 16.00138.00

LEGAL DESCRIPTION:

The West Half of the Southwest Quarter (SW¼) of Section 22-110-12, excepting therefrom:  The East Half of the East Half of the NW¼ of the SW¼ of Section 22, Township 110 North, Range 12 West, Wabasha County, Minnesota.

# EXHIBIT E

## WABASHA COUNTY, MINNESOTA

---

28790 - 646th St
Lake City MN 55041-5139

Wabasha County, Minnesota

16.3 acres; Property ID #16.00136.03

LEGAL DESCRIPTION:

That part of the Northwest Quarter of Section 22, Township 110 North, Range 12 West, Wabasha County, Minnesota, described as follows:  Commencing at the Northwest corner of said Section 22; thence on an assumed bearing of South 00°13'04" East, along the west line of said Northwest Quarter, a distance of 1602.96 feet; thence North 89°46'56" East, a distance of 1051.71 feet to the point of beginning of the land to be described; thence South 89°22'50" East, a distance of 682.93 feet; thence south 00°13'04" East, a distance of 1035 feet, more or less, to the south line of said Northwest Quarter; thence westerly, along the south line of said Northwest Quarter, a distance of 683 feet, more or less, to the intersection with a line bearing South 00°13'04" East from the point of beginning; thence North 00°13'04" West, a distance of 1035 feet, more or less, to the point of beginning.

---

**Farmland**

183.77 acres = Property ID #16.00136.00

LEGAL DESCRIPTION:

The Northwest Quarter AND the West Half of the West Half of the Northeast Quarter all in Section 22, Township 110 North, Range 12 West, excepting therefrom:  That part of the NW¼ of Section 22-110-12, Wabasha County, Minnesota, described as follows:  Commencing at the NW corner of said Section 22; thence on an assumed bearing of S 00°13'04" East, along the west line of said NW ¼, a distance of 1602.96 feet; thence North 89°46'56" East, a distance of 1051.71 feet to the point of beginning of the land to be described; thence South 89°22'50" East, a distance of 682.93 feet; thence South 00°13'04" East, a distance of 1035 feet, more or less, to the south line of said NW 1/4 ; thence Wly, along the South line of said NW 1/4 , a distance of 683 feet, more or less, to the intersection with a line bearing South 00°13'04" East from the point of beginning; thence North 00°13'04" West, a distance of 1305 feet, more or less, to the point of beginning.

# EXHIBIT F

In Re: Virgil Leo Dykes, Sr. and Constance E. Dykes, Case No. 21-30039

**Projections of Income, Operating Expenses and Plan Payments**

**2021**

400 acres-220 tillable
<u>PROJECTED INCOME</u>
Home Farm
400 (220 tillable)

| | |
|---|---|
| 200 bu. x $4.10  x 220 ac. | $ 180,400 |
| Social Security | 21,804 |
| MN. Dep.t of Agriculture Contract | <u>33,695</u> |
| Total  Income | <u>$ 235,899</u> |

<u>Crop Input Expenses Per Acre on the 220 acre home farm</u>
Corn production

| | | |
|---|---|---|
| Nitrogen NH3 | 87.00 | |
| Potash | 47.00 | |
| DAP | 41.00 | |
| AMS | 18.50 | |
| Chemicals | 35.00 | |
| Seed Corn | 130.00 | |
| Insurance | 29.00 | |
| Drying | 30.00 | |
| Parts/Rep. | 15.00 | |
| RE Taxes | 49.00 | |
| Operating Expenses | | $  105,930 |

<u>Other Expenses</u>

| | |
|---|---|
| R.E. Taxes | - 11,048 |
| Insurance | -   4,929 |
| Maintenance | <u>-   4,000</u> |
| Total Other Expenses | 19,977 |
| <u>Total Expenses:</u> | <u>$ 125,907</u> |
| Owners family living | <u>-  56,208</u> |
| Adjusted total Expenses | $182,115 |
| **Net Income from Operations** | **<u>$ 53,784</u>** |
| Trustee fee 5% for Unsecured Creditors | <u>-   2,689</u> |

**Net Income to pay the Unsecured Creditors: <u>$ 51,095</u>**

In Re: Virgil Leo Dykes, Sr. and Constance E. Dykes, Case No. 21-30039

**Projections of Income, Operating Expenses and Plan Payments**

**2022**

400 acres-220 tillable
PROJECTED INCOME
Home Farm
400 (220 tillable)

| | |
|---|---|
| 200 bu. x $4.10  x 220 ac. | $ 180,400 |
| Social Security | 21,804 |
| MN. Dep.t of Agriculture Contract | 33,695 |
| Lease sec 36 Lake + W.A. sec. 1 | 63,250  (230 AC.) |
| Total  Income | $ 299,149 |

Crop Input Expenses Per Acre on the 220 acre home farm
Corn production

| | | |
|---|---|---|
| Nitrogen NH3 | 87.00 | |
| Potash | 47.00 | |
| DAP | 41.00 | |
| AMS | 18.50 | |
| Chemicals | 35.00 | |
| Seed Corn | 130.00 | |
| Insurance | 29.00 | |
| Drying | 30.00 | |
| Parts/Rep. | 15.00 | |
| RE Taxes | 49.00 | |
| Operating Expenses | | $  105,930 |

Other Expenses

| | |
|---|---|
| R.E. Taxes | - 11,048 |
| Insurance | -   4,929 |
| Maintenance | -   4,000 |
| Total Other Expenses | 19,977 |

| | |
|---|---|
| Total Expenses: | $ 125,907 |

| | |
|---|---|
| Owners family living | - 56,208 |
| Adjusted total Expenses | $182,115 |

| | |
|---|---|
| **Net Income from Operations** | **$ 117,034** |
| Trustee fee 5% for Unsecured Creditors | -   5,852 |

**Net Income to pay the Unsecured Creditors: $  111,182**

# EXHIBIT F (Page 3 of 3)

In Re: Virgil Leo Dykes, Sr. and Constance E. Dykes, Case No. 21-30039

**Projections of Income, Operating Expenses and Plan Payments**

**2023**

400 acres-220 tillable

<u>PROJECTED INCOME</u>

Home Farm

400 (220 tillable)

| | | |
|---|---|---|
| 200 bu. x $4.10  x 220 ac. | $ 180,400 | |
| Social Security | 21,804 | |
| MN. Dep.t of Agriculture Contract | 33,695 | |
| Lease sec 36 Lake + W.A. sec. 1 | 63,250 | (230 AC.) |
| Total  Income | $ 299,149 | |

<u>Crop Input Expenses Per Acre on the 220 acre home farm</u>

Corn production

| | | |
|---|---|---|
| Nitrogen NH3 | 87.00 | |
| Potash | 47.00 | |
| DAP | 41.00 | |
| AMS | 18.50 | |
| Chemicals | 35.00 | |
| Seed Corn | 130.00 | |
| Insurance | 29.00 | |
| Drying | 30.00 | |
| Parts/Rep. | 15.00 | |
| RE Taxes | 49.00 | |
| Operating Expenses | | $  105,930 |

<u>Other Expenses</u>

| | |
|---|---|
| R.E. Taxes | - 11,048 |
| Insurance | -   4,929 |
| Maintenance | -   4,000 |
| Total Other Expenses | 19,977 |
| Total Expenses: | $ 125,907 |
| Owners family living | - 56,208 |
| Adjusted total Expenses | $182,115 |
| **Net Income from Operations** | **$ 117,034** |
| Trustee fee 5% for Unsecured Creditors | -   5,852 |

**Net Income to pay the Unsecured Creditors: $  111,182**

In Re:

Virgil Leo Dykes, Sr., and Constance E. Dykes,     Case No. <u>21-30089</u>
a/k/a Connie Dykes,

     Debtors.

---

### CERTIFICATE OF SERVICE

---

    I, Matthew L. Fling, 4839 Colfax Avenue South, Minneapolis, MN 55419, declare under penalty of perjury that on April 7, 2021, in addition to the parties on file with the Court's ECF system who currently receive service by electronic notice in this matter, I caused a copy of the Chapter 12 Plan of Reorganization to be served by US mail on the following:

| | |
|---|---|
| Virgil Leo Dykes Sr.<br>28790 646th St.<br>Lake City, MN 55041-5139 | Constance Elizabeth Dykes<br>28790 646th St<br>Lake City, MN 55041-5139 |
| Internal Revenue Service<br>PO Box 7346<br>Philadelphia, PA 19101-7346 | MN Department of Revenue<br>Bankruptcy Section<br>600 North Robert Street<br>PO Box 64447<br>St. Paul, MN 55164-0447 |
| US Attorney<br>600 US Courthouse<br>300 S Fourth St.<br>Minneapolis, MN 55415<br>Ag Partners<br>First & Broadway<br>Box 281<br>Goodhue MN 55027-0281 | Adam Dowd<br>Attorney at Law, LLC<br>220 Division St S #301<br>Northfield MN 55057-2273<br>AgDirect and Farm Credit<br>Services of America PCA<br>PO Box 2409<br>Omaha NE 68103 |
| CFS-CENTRAL FARM SERVICE<br>712 NORTH CEDAR<br>PO BOX 425<br>OWATONNA MN 55060 | CFS-NORTHFIELD LP<br>CENTRAL FARM SERVICE<br>712 NORTH CEDAR<br>PO BOX 425<br>OWATONNA MN 55060 |

Farmers Mutual Hail
6785 Westown Parkway
West Des Moines, IA 50266

First Farmers & Merchants State Bank
111 20th St, NE
Stewartville, MN 55976

RJ O'Brien
222 S Riverside Plaza #1200
Chicago IL 6060

John Deere Financial
PO Box 4450
Carol Stream, IL 60197

John Deere Financial
8402 Exelsior Drive
PO Box 5328
Madison, WI 53705

Knobelsdorff Electric Inc.
25701 370th St
Goodhue MN 55027-8616

M.J. Davenport, Esq.
Office of General Counsel
9200 Northpark Dr #300
Johnston IA 50131-3006

Monsanto Company
PO Box 204070
Dallas TX 75320

Monsanto Company
800 N Lindbergh Blvd - B2NC
Saint Louis MO 63167

Rain and Hail LLC
PO Box 10496
Des Moines IA 50306-0496

Rain and Hail LLC
Two Carlson Parkway, Suite 255
Minneapolis MN 55447-4442

Pittman Law Offices LLC
712 Main St.
La Crosse, WI 54601

Pro Growers Solutions
3265 320th St.
Wellman, IA 52356


Dated: April 7, 2021

/e/ Matthew L. Fling
Matthew L. Fling (Atty. No. 0150678)
Attorney for the Debtors

REVISED 12/15

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re: Virgil Leo Dykes, Sr. and Constance E. Dykes
a/k/a Connie Dykes,

       Debtor(s).

Case No. 21-30039-KHS

### SIGNATURE DECLARATION

☐ PETITION, SCHEDULES & STATEMENTS
☐ CHAPTER 13 PLAN
☐ VOLUNTARY CONVERSION, SCHEDULES & STATEMENTS
☐ AMENDMENT TO PETITION, SCHEDULES & STATEMENTS
☐ MODIFIED CHAPTER 13 PLAN
☑ OTHER: PLEASE DESCRIBE: Chapter 12 Plan of Reorganization

I [We], the undersigned debtor(s) or authorized representative of the debtor, make the following declarations under penalty of perjury:

1. The information I have given my attorney for the electronically filed petition, statements, schedules, amendments, and/or chapter 13 plan, as indicated above, is true and correct;

2. The Social Security Number or Tax Identification Number I have given to my attorney for entry into the court's Case Management/Electronic Case Filing (CM/ECF) system as a part of the electronic commencement of the above-referenced case is true and correct;

3. **[Individual debtors only]** If no Social Security Number was provided as described in paragraph 2 above, it is because I do not have a Social Security Number;

4. I consent to my attorney electronically filing with the United States Bankruptcy Court my petition, statements and schedules, amendments, and/or chapter 13 plan, as indicated above, together with a scanned image of this Signature Declaration;

5. My electronic signature contained on the documents filed with the Bankruptcy Court has the same effect as if it were my original signature on those documents; and

6. **[corporate and partnership debtors only]** I have been authorized to file this petition on behalf of the debtor.

Date: 4-7-2021

x _Virgil Leo Dykes, Sr._
Signature of Debtor 1 or Authorized
Representative

Virgil Leo Dykes, Sr.
Printed name of Debtor 1 or Authorized
Representative

x _Constance E. Dykes_
Signature of Debtor 2

Constance E. Dykes
Printed Name of Debtor 2